(No. 42544.—)

GLENN R. HEYMAN, Trustee, Appellant, v. GEORGE E. MAHIN, Director of Revenue, *et al.*, Appellees.

*Opinion filed September 30, 1971.—Rehearing denied Nov. 24, 1971.*

FRANK O. WETMORE, of Chicago, (EDWARD J. WENDROW, RONALD BUTLER and WINSTON, STRAWN, SMITH & PATTERSON, of counsel,) for appellants

WILLIAM J. SCOTT, Attorney General, of Chicago, (FRANCIS T. CROWE, CALVIN C. CAMPBELL, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Cook

County which upheld the constitutionality of the graduated discounts allowed to distributors under the Cigarette Tax Act. Ill.Rev.Stat. 1969, ch. 120, par. 453.2.

F. W. Koenecke and Son, Inc. filed an amended complaint which seeks a declaration that the 1963, 1965, 1967 and 1968 amendments to séction 2(b) of the Cigarette Tax Act are unconstitutional as violating the uniformity provision of section 1 of article IX of the Illinois constitution and the equal protection clause of the fourteenth amendment of the Federal constitution. The plaintiff seeks to recover sums of money paid to the State under protest. The defendants, the Director of the Department of Revenue, the State Treasurer and the Attorney General filed a motion to dismiss. Glenn R. Heyman, as trustee in bankruptcy of plaintiff, was permitted to intervene in the cause on behalf of the plaintiff and to adopt the amended complaint as his pleading. The circuit court found each of the amendatory acts to be constitutional and dismissed the amended complaint. This appeal is from that judgment, pursuant to Rule 302(a)(2), then in effect.

The Cigarette Tax Act as originally enacted in 1941 levied a tax on persons engaged in business as distributors of cigarettes in the State measured by the number of cigarettes sold or otherwise disposed of in this State in the course of such business and allowed each distributor a 5% discount on the amount of tax paid to the State. (Ill.Rev.Stat. 1941, ch. 120, par. 453.2.) In *Johnson v. Daley, 403 Ill. 338,* this court held the Cigarette Tax Act to be an occupation tax and in *Mutual Tobacco Co. v. Halpin, 414 Ill. 226,* this court stated that the Cigarette Tax Act was a tax imposed on persons engaged in business as distributors of cigarettes in this State.

In 1963 the Act was amended and declared that the impact or incidence of the tax is on the retailer; however, under the amended Act the distributor continues to have the responsibility of affixing the tax stamps to the

cigarette packages and is required to add the tax to the price of the cigarettes sold. Under the amendment any distributor who fails to properly collect and pay the tax imposed is liable for the tax. Ill.Rev.Stat. 1965, ch. 120, par. 453.2.

Under the 1963 amendment the flat 5% discount rate granted the cigarette distributors under the 1941 Act as amended was discontinued and replaced with a graduated declining discount rate measured by the dollar amount of the taxes paid by the distributor in any year commencing July 1 and ending June 30 of the following year. (Ill. Rev.Stat. 1963, ch. 120, par. 453.2(b).) The discount rate schedule adopted in 1963 and its revisions in 1965 and 1967 are as follows:

### 1963 Amendment
First $700,000 of tax paid - 5% discount
Second $700,000 of tax paid - 4% discount
Third $700,000 of tax paid - 3% discount
All additional tax paid - 2% discount

### 1965 Amendment
First $700,000 of tax paid - 2—6/7% discount
Second $700,000 of tax paid - 2—2/7% discount
Third $700,000 of tax paid - 1—5/7% discount
All additional tax paid - 1—1/7% discount

### 1967 Amendment
First $700,000 of tax paid - 2—2/9% discount
Second $700,000 of tax paid - 1—7/9% discount
Third $700,000 of tax paid - 1—1/3% discount
All additional tax paid - 8/9% of 1% discount

The 1968 amendment continued the discount rate of the 1967 amendment. Section 2(b) of the Act in regard to the schedule of discounts states: "(b) The distributor shall be required to collect the taxes provided under paragraph (a) hereof, and, to cover the costs of such collection, shall be allowed a discount during any year *** in accordance with the schedule set out *** ."

It is the graduated feature of the rate of discount which plaintiff claims discriminates against it as hereinafter indicated.

F. W. Koenecke and Sons, Inc. is a licensed distributor of cigarettes in Illinois. Its business is the import purchasing of cigarettes from the manufacturer and the selling of cigarettes to wholesalers and retailers, both inside and outside of this State. It is the largest distributor of cigarettes in the midwest. As a distributor, the statute imposes upon it the obligation of affixing to each package of cigarettes a revenue tax stamp before delivering them in this State to a purchaser.

Cigarettes purchased by plaintiff are shipped to its plant in standard cases. Each case contains 60 cartons with 10 packages of 20 cigarettes in each carton or a total of 600 packages of cigarettes in each case. Each case is opened, all 60 cartons are removed and opened, a tax stamp is affixed to each of the 600 packages, and the cartons are then resealed and replaced in the case. Plaintiff has special machinery, equipment and personnel to perform this operation. The amended complaint alleges that plaintiff purchases approximately $700,000 of tax stamps a week which has the effect of placing plaintiff in the lowest discount bracket within the first month of the year's operation.

Although, since the amendment to the Act in 1963 the statute has specifically provided that the tax imposed thereunder is a tax imposed upon "any person engaged in the business as a *retailer* of cigarettes" (emphasis added), plaintiff as a premise of its constitutional argument insists that the Act still imposes an occupation tax upon distributors of cigarettes. The *Mutual Tobacco Co.* case which so held and which plaintiff cites in support of its position was decided prior to the 1963 amendment, at a time when the Act specifically provided that the tax imposed thereunder was a tax imposed upon any person engaged in the business as a *distributor* of cigarettes.

Although the Act since the 1963 amendment has continued to look to the distributor for the collection of the tax, it has likewise provided since that date: "The impact of the tax levied by this Act is hereby declared to be imposed upon the retailer and shall be prepaid or pre-collected by the distributor for the purpose of convenience and facility only, and the amount of the tax shall be added to the price of the cigarettes sold by such distributor." (Ill.Rev.Stat. 1967, ch. 120, par. 453.2.) We think the language of the Act is clear. The tax is no longer an occupation tax imposed upon distributors of cigarettes but is an occupation tax imposed upon those engaged in business as retailers of cigarettes in this State. Since the statute specifically requires that the distributor pass the tax on to the retailer, no incidence of the tax falls upon the distributor and we are concerned not with the effect of the tax upon the distributor but with the effect of the discount which, as specifically stated in the Act, is in the nature of compensation to the distributor to cover the costs of collecting the tax from the retailer.

Plaintiff contends that the graduated discount, decreasing as the amount of tax remitted by the distributor to the Department increases, has the same effect as a graduated tax on the distributors which increases with the volume of sales. Plaintiff then asserts that under the holding in *Stewart Dry Goods Co. v. Lewis, 294 U.S. 550, 79 L.Ed. 1054* and *Valentine v. Great Atlantic & Pacific Tea Co., 299 U.S. 32, 81 L.Ed. 22,* such a graduated tax must be held violative of the equal-protection clause of the fourteenth amendment. In these two cases the tax was based on a graduated percentage of the gross receipts or gross sales.

We do not consider either the *Stewart* case or the *Great Atlantic & Pacific Tea Co.* case to be helpful or in any way controlling in deciding the case now before us. Since the 1963 amendment to the Act as above stated the incidence of the tax is clearly on the retailer and not on

the distributor. As Mr. Justice Roberts stated in *Monamotor Oil Co. v. Johnson, 292 U.S. 86, 95, 78 L.Ed. 1141*, 1148: "The short answer to the contention is that the statutes properly construed lay no tax whatever upon distributors, but make of them mere collectors," and at 1147, "Instead of collecting the tax from the user through its own officers, the state makes the distributor its agent for that purpose. This is a common and entirely lawful arrangement." See also *Pierce Oil Corp. v. Hopkins, 264 U.S. 1376, 68 L.Ed. 593; International Harvester Co. v. Wisconsin Dept. of Taxation, 322 U.S. 435, 88 L.Ed. 1373;* 51 Am.Jur., Taxation, sec. 1277.

The plaintiff therefore was not a taxpayer subsequent to the 1963 amendment to the Act but was instead acting solely as an agent for the State in the collection and the remittance of the tax. Since we have determined that no tax is imposed on the distributors of cigarettes under the provisions of section 2(b) of the Act, the graduated discount provision thereof cannot therefore violate section 1 of article IX of the Illinois constitution of 1870 (uniformity provision).

If plaintiff affixes revenue stamps with a face value of $100,000 to packages of cigarettes, it receives $100,000 when those packages of cigarettes are sold to a retailer. However, if, as alleged, plaintiff is in the lowest discount bracket, under the 1968 amendment it is entitled to a discount of 8/9 of 1%. The $100,000 worth of revenue stamps therefore do not cost the plaintiff $100,000 but approximately $888.88 less than that amount. This sum represents compensation to the distributor, as stated in the Act "to cover the cost of such collection." There is no constitutional right to such compensation. Had the legislature seen fit it could have made no provision for compensation to the distributor to cover the cost of collecting the tax. *Sherman-Reynolds, Inc. v. Mahin, 47 Ill.2d 323.*

Alternatively plaintiff argues that even if the State has

no constitutional obligation to justly compensate the distributors for performing tax-collecting services, once the State decides to do so it cannot do so in such a way as to discriminate among members of the class performing the same services.

The legislative purpose in providing for compensation to distributors is to cover the cost of collecting the tax. It is apparent from the fact that four separate brackets are established that the legislature has made a determination that the cost of collecting the taxes decreases as the volume of sales of packages of cigarettes increases. The legislature has a wide discretion in classifying objects of its legislation and its exercise of that discretion will not be interfered with unless clearly in violation of some constitutional limitation. There is a presumption in favor of the validity of the classification and one who assails the same has the burden of showing that the classifications are arbitrary. *(Pacific States Box and Basket Co. v. White, 296 U.S. 176, 80 L.Ed. 138; People v. Saltis, 328 Ill. 494.)* In an attempt to overcome this presumption, plaintiff relies on the allegations of the amended complaint which it contends were admitted to be true by the defendant's motion to strike which the trial court granted. Concerning the question of costs the amended complaint alleges: "While the discount allowed plaintiff on its purchases of cigarette tax stamps under Section 2(b) of the Act is 'to cover the cost' of collecting the cigarette tax, included in such costs are the additional costs of stamping and other tangible expenditures necessarily incurred by plaintiff in connection therewith. The minimum discount allowed under each of said amendatory Acts is not sufficient to cover plaintiff's costs for collecting the cigarette tax, and said costs do not decrease with increased collections of said tax." It is the last sentence of these allegations which plaintiff insists discloses the arbitrary classification made by the legislature relative to costs. However, this sentence refers only to plaintiff's costs and makes no allegations as

to the costs throughout the industry of collecting the taxes. As stated in *Hegeman Farms Corp. v. Baldwin, 293 U.S. 163, 79 L.Ed. 259 at 262:* "They do not tell us whether the appellant ran its business with reasonable efficiency when compared with others in its calling."

Assuming that the minimum discount rate is not sufficient to cover the costs for collecting cigarette tax by *all* distributors, this fact would not render the Act invalid. Under *Sherman-Reynolds, Inc.* the legislature is not required to grant any compensation for collecting the taxes. It would follow therefore that partial compensation for the costs of collecting the taxes would not be objectionable.

Again, assuming the allegation to be that costs generally (instead of plaintiff's costs) do not decrease with increased collection of taxes, we do not consider this allegation to be a sufficient allegation of facts to rebut the presumption of constitutionality of the classification. As was stated in *Pacific States Box and Basket Company:* "The burden is not sustained by making allegations which are merely the general conclusions of law or fact ***. Facts relied upon to rebut the presumption of constitutionality must be specifically set forth ***. A motion to dismiss, like a demurrer, admits only facts well pleaded." (296 U.S. at 185.) A motion to dismiss does not admit conclusions of facts unsupported by specific allegations of fact upon which such conclusions rest. *(Pierce v. Carpentier, 20 Ill.2d 526; Kurtzon v. Kurtzon, 395 Ill. 73.)* It may be that costs do not decrease with increased collection of taxes after a distributor reaches a certain volume of business or under certain circumstances, but the flat allegation that costs do not decrease with increased collections of taxes can only be taken as a conclusion of the pleader which is contrary to common experience and knowledge. Mr. Justice Cardozo stated in his dissenting opinion in *Stewart Dry Goods Co. v. Lewis, 294 U.S. 550, 79 L.Ed. 1054, at 1063:* "Economically, the theory is that

there is a minimum of size for business units below which efficiency is less on the average than expansion would tend to make it; that there are intermediate levels within which efficiency is subject on the average to progressive development; and that there is an ultimate level beyond which efficiency, even if promoted, goes forward more slowly and at a diminishing ratio."

The amended complaint alleges that the operation of affixing revenue stamps is "extremely costly in machinery, equipment and manpower." In line with Justice Cardozo's observation quoted above it would appear that if the costly machinery and equipment is operated at a capacity below its maximum efficiency, any increase in the number of revenue stamps affixed to cigarette packages by the use of this machinery and equipment would result in a decreased cost per revenue stamp affixed. This is contrary to the general allegation of the plaintiff that "said costs do not decrease with increased collections of said tax." For these reasons we hold that the defendants' motion to dismiss does not admit the allegations of this conclusion stated in the amended complaint.

We find nothing in the admitted allegations of the amended complaint which overcomes the presumption of the validity of the classification for discount purposes which the legislature has made. The admitted allegations do not indicate that the classifications are arbitrary or capricious in violation of the equal-protection clause of the fourteenth amendment of the Federal constitution or the special legislation prohibition of section 22 of article IV of the Illinois constitution of 1870.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*