LOUIS MANIATES, Admr. of the Estate of George Maniates, Plaintiff-Appellant, v. GRANT HOSPITAL et al., Defendants-Appellees.

(No. 55662; 

First District (3rd Division)—November 15, 1973.

Fred Lane and John J. Munday, of Lane, Falasz & Pollman, of Chicago, for appellant.

Francis D. Morrissey, Thomas F. Bridgman, and Michael K. Murtaugh, of Baker and McKenzie, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Louis Maniates, the father of a stillborn infant and the administrator of the infant's estate, appeals from the dismissal of count IV of his complaint. Count IV alleged negligence on the part of Grant Hospital which resulted in the infant being dead upon birth. Counts V and VI made the

the same allegation against an intern employed by the hospital and the physician who attended the infant's mother. Although these counts were also dismissed, the appeal is directed only to count IV.

The mother, who was in the last week of pregnancy with a viable child, was admitted to Grant Hospital shortly before December 2, 1964. When she delivered the child on December 3rd it was lifeless. The hospital was charged with not exercising reasonable care in the selection of its employees and medical personnel, in failing to properly diagnose the mother's condition, in not displaying ordinary diligence and vigilance so as to refrain from injuring the infant, in treating the infant unskillfully while in its care, and in failing to notify the mother's doctor regarding changes in her condition.

██ The issue presented is whether there can be a cause of action under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1969, ch. 70, pars. 1 and 2) for the death of a child allegedly caused by injuries negligently inflicted before its birth. This precise issue was decided in *Chrisafogeorgis v. Brandenberg* (1973), 55 Ill.2d 368. In *Chrisafogeorgis* the mother, in her 36th week of pregnancy, was struck by an automobile. The child she was carrying was injured and died, and the child's father sought recovery for its death. The court held that if a child is capable of being delivered and remaining alive separate from and independent of the mother, it is a person within the meaning of the Wrongful Death Act and a right of action arises for its wrongful death.

██ Mrs. Maniates was carrying a living infant approaching the completion of its gestation. The child was capable of remaining alive after birth independent of its mother. Therefore, under *Chrisafogeorgis*, the complaint stated a cause of action against the defendant for the child's death which allegedly occurred because of prenatal injuries.

The judgment is reversed and the cause is remanded with directions to vacate the order which dismissed count IV of the complaint.

Reversed and remanded with directions.

McNAMARA and McGLOON, JJ., concur.