RALPH GREEN, Adm'r of the Estate of Unborn Infant, Deceased, Plaintiff-Appellant, *v.* CHARLES SMITH, d/b/a Charles Smith Trucking Company *et al.*, Defendants-Appellees.

Fifth District   No. 76-157

Opinion filed August 3, 1977.

Harris and Lambert, of Marion, for appellant.

Charles R. Jelliffe, of Jelliffe and Ferrell, of Harrisburg, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Ralph Green, as administrator of the estate of his wife, Jillena Ann, and an unborn infant, filed a complaint for their wrongful deaths in the circuit court of Saline County on October 15, 1975. The complaint alleged that their deaths, caused by a truck-auto collision, were the result of the negligence of defendants, Charles Smith, the owner of a trucking company, and Gary Ross, a driver for the company. The complaint contained two counts; count I was based solely on the death of plaintiff's wife, Jillena Ann, and count II was for the death of the unborn infant which Jillena Ann was carrying. Defendants made a motion for the dismissal of the complaint. In an order and judgment entered on March 15, 1976, the circuit court denied that portion of the motion which attacked count I of the complaint but sustained the motion as to count II. Plaintiff appeals the judgment rendered on count II.

At issue here is whether a trial court may properly rule as a matter of law that a fetus of a certain number of gestational weeks is not viable, thereby dismissing a complaint for failure to state a cause of action for wrongful death. This appears to be an issue which has not been explicitly decided by an Illinois court. It is our opinion that it is proper for a trial court to dismiss a complaint where it is clear that viability could never be proved at trial.

Among other things, plaintiff averred in count II of the complaint: that immediately prior to the truck-auto collision of May 12, 1975, which claimed the lives of plaintiff's decedents, Jillena Ann Green was 14 weeks pregnant with the unborn infant; that at the time of the collision the unborn infant was a "living, viable human being"; and, that as a proximate result of the collision, the unborn infant died the same date.

Paragraphs 5 and 6 of defendants' motion to dismiss count II, which were sustained by the court, read as follows:

"5. To dismiss Count II for reason that no facts are alleged showing a cause of action for wrongful death of an alleged 'unborn' infant.
6. To dismiss Count II for the reason that it affirmatively appears that the alleged 'unborn' infant was not a viable person within the meaning of the law, the death of which could give rights to a cause of action for wrongful death."

■■ In Illinois, when a fetus is stillborn or dies *en ventre sa mere*, the determination whether a cause of action for wrongful death exists depends upon whether the fetus was "viable" at the time of injury. If the

fetus was not viable at the time of the injury's occurrence, no cause of action exists. (*Rapp v. Hiemenz*, 107 Ill. App. 2d 382, 246 N.E.2d 77.) If the fetus was viable at the time of injury, a cause of action does exist. (*Chrisafogeorgis v. Brandenberg*, 55 Ill. 2d 368, 304 N.E.2d 88.) Viability "is the time at which a child is capable of being delivered and remaining alive separate from and independent of the mother." (*Chrisafogeorgis v. Brandenberg*, 55 Ill. 2d 368, 374.) Since the unborn infant in the instant case died *en ventre sa mere*, the existence of a cause of action depends upon whether the infant was viable on May 12, 1975, when the collision occurred.

The trial court, in dismissing count II, sustained three paragraphs of defendants' motion to dismiss, two of which are set out above. This meant that the court concluded, as a matter of law, that the fetus was not viable, thereby requiring a dismissal pursuant to the holdings of *Rapp v. Hiemenz* and *Chrisafogeorgis v. Brandenberg*. The court, as well as the defendants, premised its finding on the fact that Jillena Ann was only 14 weeks pregnant when she and the fetus were killed.

Plaintiff contends that count II states a cause of action for wrongful death of a fetus and argues that the averment as to the gestational state of the infant at the time of the occurrence was mere surplusage, and, therefore it was error for the court to dismiss the complaint rather than let it proceed to a jury trial. Plaintiff also contends that viability is always a jury question. We do not agree with either contention.

■■ The existence of a cause of action in a situation such as this requires that the fetus be viable at the time of injury. To plead only that the fetus was viable is to plead a mere conclusion. We feel that an averment as to gestational age is not mere surplusage but, in fact, necessary to state a cause of action. Gestational age aids the court in determining whether the case falls within the parameters of the *Chrisafogeorgis* rule.

■■ ■ Plaintiff also argues that it was error to dismiss the count because defendants' motion to dismiss admits his allegation that the unborn infant at the time of collision was a "living viable human being." There is no merit to this argument. A motion to dismiss admits facts well pleaded, but not conclusions of fact not supported by allegations of specific facts upon which such conclusions rest. *Pierce v. Carpentier*, 20 Ill. 2d 526, 169 N.E.2d 747; *Heyman v. Mahin*, 49 Ill. 2d 284, 275 N.E.2d 421.

We do not believe that the question of viability need always be presented to a jury. A jury determination is necessary when the gestational age is within the arguable range of expert medical opinion as to when a fetus is capable of existing outside the womb (currently, 20-28 weeks, see *infra*). However, where it is clear that a fetus is in such an early

gestational stage that it is impossible to conceive of its being capable of independent existence by common knowledge or medical opinion, the trial court can dismiss the complaint for failing to state a claim upon which relief can be granted. The trial court did not err in dismissing. There is no reason to believe that plaintiff could prove that the fetus was viable at the time of injury.

Illinois courts have not explicitly held that the determination of nonviability or viability can be made by the court in some instances as a matter of law, but previous case law strongly implies that this is the proper rule.

In *Rapp v. Hiemenz*, the appellate court affirmed a summary judgment for defendant in a wrongful death action involving an unborn fetus that was stillborn. The court related that at the time of the injury the plaintiff was 4½ months pregnant. It went on to note that the Illinois Supreme Court, in *Amann v. Faidy*, 415 Ill. 422, 114 N.E.2d 412, "defined a viable fetus as one sufficiently developed for extrauterine survival, normally a fetus of seven months or older." (107 Ill. App. 2d 382, 386.) Without relying on any other evidence, the court stated, "The occurrence giving rise to the injury, in the case at bar, took place when the fetus was not viable." (107 Ill. App. 2d 382, 387.) This is a strong indication that the appellate court ruled on nonviability as a matter of law and supported the trial court in doing so.

In *Chrisafogeorgis v. Brandenberg*, the landmark case which recognized the wrongful death cause of action for a stillborn fetus viable at the time of injury, the supreme court stated, "Parenthetically, we would observe that Mrs. Chrisafogeorgis was in her eighth month of pregnancy; there is no question as to the viability of Baby Boy Chrisafogeorgis." (55 Ill. 2d 368, 372.) The implication that it was finding viability as a matter of law may be weakened because the defendant was relying on the fact that Baby Boy was stillborn to prevent recovery under the former rule of *Amann v. Faidy*. However, in *Maniates v. Grant Hospital*, 15 Ill. App. 3d 903, 305 N.E.2d 422, the appellate court in following the *Chrisafogeorgis* rule, stated, "Mrs. Maniates was carrying a living infant approaching the completion of its gestation [36th week]. The child was capable of remaining alive after birth independent of its mother." (15 Ill. App. 3d 903, 904.) Both cases imply that courts may take judicial notice of the fact of common knowledge that fetuses in the eighth or ninth month of gestation are capable of delivery and survival. We feel that the court is equally competent, in deciding whether a complaint states a cause of action for wrongful death of a fetus, to also apply what is commonly known, that under the current state of medical and scientific technology a fetus of 14 weeks is not capable of living separate from and independent of its mother. *Rapp v. Hiemenz* supports this conclusion. It would be a

poor way to manage the time resources of our courts, to allow plaintiff to go to trial to attempt to prove what common knowledge tells us is not possible. Accordingly, we conclude that the trial court was correct in dismissing count II for failing to state a cause of action.

■■ The court's finding that plaintiff's unborn infant was not viable at the time of injury is amply supported by legal and medical authorities as well as common knowledge. The courts of Illinois, as evidenced by *Amann v. Faidy* and *Rapp v. Hiemenz*, have stated that normally a fetus is viable from seven months or later into gestation. This view is supported by the medical profession as most medical authorities believe that in the normal pregnancy, viability is possible from 26-28 weeks onward. (See 51 Chicago-Kent Law Rev. 227, 241 (1974), text to fn. 98, and medical authorities cited therein.) Some medical authorities set viability at an earlier gestational period (East, Obstetrics 476 (10th ed.) (20 weeks); 51 Chi.-Kent L. Rev. 227, 241 (1974), text to fn. 99, and authorities cited therein (20 weeks)), but the fetus here was six weeks from reaching such gestational period. A jury determination would be proper only if the fetus was within this questionable range or close to it. As it is, 14 weeks is but 70% of the lowest possible gestational period for viability of 20 weeks. The divergence is too great for a viable birth and clearly excludes all possibilities short of the miraculous. In the interest of judicial economy, we determine the factual question here as a matter of law.

Professor Leon Green has succinctly and clearly explained the process we follow in his article *Foreseeability in Negligence Law*, 61 Columbia Law Review 1401 (1961), as follows:

"It is generally recognized that the current analytical formula for negligence cases requires a plaintiff to establish: (1) that he was injured as a result of defendant's conduct (the causal relation issue); (2) that he was protected under some rule of law against this conduct and the injury he suffered (the duty issue); (3) that defendant's conduct was in violation of his duty to the plaintiff (the negligence issue); (4) the amount of loss the plaintiff suffered (the damage issue).

Recognition of these issues lies at the base of the functions of judge and jury and the doctrine of precedent, for it is only the determination of issues of law that creates binding precedents. The judge has two highly important precedent-making functions in a negligence case: (1) to determine the defendant's duty and the risks that fall within its scope; and (2) to determine the sufficiency of the evidence to raise an issue of fact. Thus, determining whether the evidence is sufficient to raise an issue of causal relation, an issue of negligence, or an issue of damages is a function of the judge. If he

decides that the evidence is sufficient to raise these issues, it is for the jury to determine them.[2]

[Footnote 2]

2. Determining the sufficiency of the evidence to raise an issue of fact as to causal relation, negligence, or damages requires the judge to decide whether more than one reasonable inference can be drawn from the factual data in evidence. If only one inference can be drawn no issue is presented and the judge will hold either for plaintiff or defendant as a matter of law. This decision then provides a precedent for subsequent similar cases. If more than one inference can be drawn, the judge will submit the issue to the jury, or in the absence of a jury, decide it himself as *a matter of fact*. Whether determined by judge or jury it is a finding of fact and has no value as a precedent."

For the foregoing reasons, we find that a trial court may rule that a complaint for wrongful death of a fetus fails to state a claim upon which relief can be granted under Illinois law, when the gestational age of the fetus is such that by common knowledge it is clear that it could not live separate from and independent of the mother. We also find that the trial court did not err in dismissing the instant count of plaintiff's complaint since a fetus of 14 weeks, by common knowledge, is not viable under the current state of medical and scientific technology.

The order and judgment of the circuit court of Saline County is affirmed.

Affirmed.

G. J. MORAN and EBERSPACHER, JJ., concur.