JEFFREY LUBER, Plaintiff-Appellant. v. THE CITY OF HIGHLAND, Defendant-Appellee.

Fifth District    No. 5—85—0078

Opinion filed December 30, 1986.

Cook, Shevlin, Keefe & Chatham, Ltd., of Belleville (Mary Mansfield Brauer, of counsel), for appellant.

James E. Ligman, of Kaucher & Ligman, P.C., of Belleville, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Jeffrey Luber, filed a two-count complaint in the circuit court of Madison County on April 8, 1983, against P.J.'s Lounge and the city of Highland. P.J.'s Lounge was later dismissed as a party, however, and on May 29, 1984, plaintiff filed a third amended complaint, consisting of two counts, against the city of Highland only. On January 18, 1985, the circuit court dismissed this complaint with prejudice on the motion of the defendant, and plaintiff then perfected the instant appeal. We affirm.

On count I of his complaint, plaintiff alleged the following: On or about April 11, 1982, P.J.'s Lounge served alcoholic beverages to a customer, Barry Hanselman, who, as a result, became intoxicated and drove his automobile in a negligent and reckless manner. Plaintiff further alleged that at 2:18 a.m. in the city of Highland, Hanselman was arrested by Highland police officer David Seefeldt for erratic driving

behavior. As exhibits to his complaint, plaintiff attached police reports prepared by the Madison County sheriff's department and by Officer Seefeldt. Seefeldt's report stated that he observed Hanselman's automobile traveling at a high rate of speed, failing to yield after leaving an alley, and driving in a reckless manner. Seefeldt's report also stated that he stopped the vehicle, after which Hanselman became abusive and uncooperative. Seefeldt ticketed Hanselman for failure to yield exiting an alley (Ill. Rev. Stat. 1981, ch. 95½, par. 11—1205), and while he was doing so, Hanselman lunged in and out of traffic. At one point, Hanselman began to cry. Seefeldt observed on the front floorboard of Hanselman's vehicle an open, half-full bottle of beer, which he confiscated. Seefeldt's report stated that Hanselman's speech was normal and that he walked in a normal manner. The plaintiff's complaint alleged that Seefeldt "determined that Barry Hanselman was driving under the influence of alcohol." Seefeldt's report, however, stated that "[a]lthough [Seefeldt] thought Hanselman had been drinking intoxicants, [he] did not feel that Hanselman was intoxicated to the point where he would be a danger to himself or others while driving." Having taken Hanselman's driver's license as bail, Seefeldt released Hanselman. Within six minutes, Hanselman drove across the centerline of Trenton Road in the city of Highland and his vehicle struck a vehicle parked on the opposite shoulder. Plaintiff was an occupant of the vehicle which was struck. The complaint further alleged that a subsequent blood sample taken at a hospital revealed that Hanselman was intoxicated.

Count I alleged that the defendant, the city of Highland, a municipal corporation, through its agent, committed one or more of the following negligent acts or omissions: failed to arrest Hanselman for driving under the influence of alcohol; failed to give sobriety tests; failed to ask Hanselman to remain at the scene or otherwise seek alternative transportation for him; released Hanselman on bail; and entrusted to Hanselman and allowed him to operate a motor vehicle on the public roads. Count I also alleged that defendant's negligence was a proximate cause of the accident and sought money damages for bodily injury, mental anguish, past and prospective medical expenses, and lost wages.

Count II repeated the allegations of count I, describing defendant's alleged acts and omissions as wilful and wanton misconduct rather than negligence, and, in addition, sought punitive damages. On appeal, however, plaintiff abandons his claim for punitive damages and concedes that defendant is not liable for punitive damages. See Ill. Rev. Stat. 1983, ch. 85, par. 2—102.

Defendant filed a motion to dismiss plaintiff's complaint, contending that it was immune from liability by virtue of sections 2—103, 2—109, 2—205, 4—102, and 4—107 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, pars. 2—103, 2—109, 2—205, 4—102, 4—107) and further urging that the complaint did not state a cause of action. The circuit court dismissed the complaint without specifying its reasons.

■■ ■ A motion to dismiss admits well-pleaded facts but does not admit conclusions of fact unsupported by specific factual allegations upon which such conclusions rest. (*Heyman v. Mahin* (1971), 49 Ill. 2d 284, 291, 275 N.E.2d 421, 425-26.) Such a motion also does not admit allegations of the complaint in a conflict with facts disclosed in an exhibit. (*Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 946, 458 N.E.2d 622, 628, *aff'd* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.) Furthermore, a complaint is subject to a motion to dismiss when the facts alleged would not entitle the plaintiff to recovery. *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 545, 316 N.E.2d 516, 518.

■■ In order to state a cause of action for negligence, plaintiff must establish a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116, 118.) Applying these principles to the case at bar, we hold that the complaint did not state a cause of action and was properly dismissed.

The Illinois Constitution of 1970 abolished sovereign immunity, "[e]xcept as the General Assembly may provide by law." (Ill. Const. 1970, art. XIII, sec. 4.) In this regard, sections 2—103 and 2—205 of the Tort Immunity Act provide that neither a public employee nor a local public entity (which includes a municipal corporation (Ill. Rev. Stat. 1983, ch. 85, par. 1—206)) is liable for an injury caused by a failure to enforce any law. (Ill. Rev. Stat. 1983, ch. 85, pars. 2—103, 2—205.) More specifically, sections 4—102 and 4—107 of the Tort Immunity Act provide as follows:

> "Sec. 4—102. Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes and failure to apprehend criminals."

> "Sec. 4—107. Neither a local public entity nor a public employee is liable for an injury caused by the failure to make an arrest or by releasing a person in custody." (Ill. Rev. Stat.

1983, ch. 85, pars. 4—102, 4—107.)

Plaintiff urges in his reply brief that "defendant had a duty to exercise reasonable care in performing law-enforcement action voluntarily undertaken." However, the quoted sections of the Tort Immunity Act provide governmental immunity to defendant for the alleged negligent acts or omissions described in both counts of plaintiff's complaint.

■ Plaintiff contends, however, that the facts of the case at bar fall within the "special duty" exception to the Tort Immunity Act. In *Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 243 N.E.2d 214, the supreme court recognized that "[e]xceptions to the rule [of immunity for failure to supply general police protection] have been found only in instances where the municipality was under a special duty to a particular individual." (41 Ill. 2d 361, 363, 243 N.E.2d 214, 216.) Since then, the Illinois Appellate Court has established a four-prong test to determine the existence of such special duty:

" '(1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or wilful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality.' " (*Marshall v. Ellison* (1985), 132 Ill. App. 3d 732, 737, 477 N.E.2d 830, 834, quoting *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 407, 440 N.E.2d 942, 947, *aff'd in part and rev'd in part* (1983), 98 Ill. 2d 158, 456 N.E.2d 116.)

Accord, *Long v. Soderquist* (1984), 126 Ill. App. 3d 1059, 1065, 467 N.E.2d 1153, 1157. In the case at bar, as in *Marshall, Curtis*, and *Long*, assuming plaintiff has alleged sufficient facts to establish the first three requirements, there are no allegations that could lead to the conclusion that plaintiff was injured while under the direct and immediate control of Officer Seefeldt. *Cf. Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 473 N.E.2d 69 (no duty in spite of the fact that police knew of third party's threats against plaintiff, plaintiff requested protection, and police promised to warn plaintiff of third party's release from custody).

Plaintiff maintains in the alternative that the fourth requirement should be either expanded or abandoned, contending that this factor oversimplifies the questions of duty. Plaintiff also urges this court to adopt the rationale of the Massachusetts Supreme Court in *Irwin v. Town of Ware* (1984), 392 Mass. 745, 467 N.E.2d 1292, where a spe-

cial duty was found under facts virtually identical to those in the case at bar. For the reasons set forth in *Marshall v. Ellison* (1985), 132 Ill. App. 3d 732, 735-36, 477 N.E.2d 830, 833-34, we decline plaintiff's invitation to follow *Irwin* and we decline to find the existence of a special duty under the allegations of the complaint in the case at bar.

■■ With respect to the allegations of wilful and wanton misconduct in count II, we note that section 2—202 of the Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes wilful and wanton negligence." (Ill. Rev. Stat. 1983, ch. 85, par. 2—202.) However, because sections 4—102 and 4—107 of the Act pertain specifically to police and their functions in enforcing the criminal law and making arrests, those sections govern and prevail over the language of section 2—202. (*Jamison v. City of Chicago* (1977), 48 Ill. App. 3d 567, 569, 363 N.E.2d 87, 88-89.) Those sections therefore also provide immunity to the defendant from the allegations of wilful and wanton misconduct as charged in count II of plaintiff's complaint.

In light of the foregoing, we hold that the circuit court properly dismissed both counts of plaintiff's complaint for their failure to state a cause of action.

Affirmed.

KARNS, P.J., and JONES, J., concur.