ERIC McELMEEL *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF HOFFMAN ESTATES *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—04—0431

Opinion filed August 26, 2005.

Weinberg & Rizzi (Steven J. Rizzi, of counsel), and Law Office of Richard M. Goldwasser (Richard M. Goldwasser, of counsel), both of Chicago, for appellants.

Judge, James & Kujawa, L.L.C., of Park Ridge (Jay S. Judge and Michael E. Kujawa, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs Eric McElmeel, Elisa McElmeel individually and as independent administrator of the estate of Anthony D. McElmeel, deceased, and Matthew J. Lounds appeal an order of the circuit court of Cook County dismissing their personal injury complaint against defendants Village of Hoffman Estates (Village) and Catherine Bloss, individually and as an agent of the Village. The circuit court ruled that these defendants were immune from liability under state law.

The record on appeal discloses the following facts. On December 23, 2000, Lounds was driving an automobile southbound on Barrington Road in Hoffman Estates. Anthony and Eric McElmeel were passengers in the car.

Defendant Catherine Bloss was employed by the Village as a police officer. On December 23, 2000, the Hoffman Estates police department became aware of a disabled vehicle on Barrington Road. Officer Bloss went to the scene to assist the stranded motorist. Officer Bloss stopped southbound traffic on Barrington Road, in order for a tow truck to pull a minivan out of a snowy ditch. Officer Bloss turned on the flashing lights on top of her squad car, as well as the flashing headlights and taillights, but did not place any flares or similar devices to notify southbound traffic of the need to stop. Officer Bloss and the stranded motorist remained in the squad car while the tow truck worked.

Plaintiffs' car was the sixth car stopped behind the parked squad car. A driver of another of the parked cars stated that she did not realize that both southbound lanes were blocked until the last minute, because it had appeared that one of the lanes was open for traffic.

A car driven by Dagoberto Noyola struck the rear of plaintiffs' car, causing a six-car, chain-reaction collision. Noyola was later cited for driving under the influence of alcohol. Plaintiff Anthony, who was 18 years old, suffered severe injuries and died five days later. Plaintiff Eric, Anthony's 17-year-old brother, suffered a severe closed-head injury, resulting in decreased mental status. Plaintiff Matthew Lounds, who was 18 years old, suffered brain trauma which paralyzed the right side of his body.

Plaintiffs filed suit against a number of defendants on December 27, 2000. Plaintiffs ultimately settled two dramshop claims against two defendants, voluntarily dismissed four other defendants and obtained a $16 million default judgment against Noyola, which remains uncollected. Noyola is currently incarcerated. In their pleadings, plaintiffs claim that the Village and Officer Bloss engaged in willful and wanton conduct.

On May 8, 2002, the Village and Officer Bloss filed a motion to dismiss the counts against them in plaintiffs' third amended complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 2000)). The Village and Officer Bloss argued that they were immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1—101 *et seq.* (West 2000)). On December 11, 2002, the trial court granted defendants' motion to dismiss. The order became final as of January 6, 2004, when the trial court disposed of last remaining causes of action. Plaintiffs now appeal.

I

The issue on appeal is whether the trial court erred in granting defendants' motion to dismiss. At the outset, we note that the Village or Bloss was named in counts XIII through XVI of the third amended complaint. Counts XIII and XVI were voluntarily dismissed. Plaintiffs state in their brief that they do not contest the dismissal of count XIV. Thus, the sole count at issue on appeal is count XV, which alleged willful and wanton conduct.

Defendants moved to dismiss under section 2—619 of the Code, which provides a means of obtaining summary disposition of issues of law or easily proved issues of fact. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993). A section 2—619 motion admits the legal sufficiency of the complaint and

raises defects, defenses or other affirmative matter which appears on the face of the complaint or is established by external submissions which act to defeat the plaintiff's claim. *Joseph v. Chicago Transit Authority*, 306 Ill. App. 3d 927, 930, 715 N.E.2d 733, 736 (1999). This court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. *Kedzie*, 156 Ill. 2d at 116-17, 619 N.E.2d at 735. The standard of review is *de novo*. *Kedzie*, 156 Ill. 2d at 116, 619 N.E.2d at 735.

## II

■ Plaintiffs argue that the trial court erred in ruling that defendants were immune from liability in this case under section 4—102 of the Tort Immunity Act, which provides in relevant part as follows:

> "Neither a local public entity nor a public employee is liable for failure \*\*\* to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." 745 ILCS 10/4—102 (West 2000).

Plaintiffs claim that section 4—102 does not immunize defendants from claims of willful and wanton conduct, relying on section 2—202 of the Tort Immunity Act, which provides:

> "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2—202 (West 2000).

Plaintiffs also quote at length from our supreme court's decision in *Doe v. Calumet City*, 161 Ill. 2d 374, 388-90, 641 N.E.2d 498, 505 (1994):

> "Courts have applied various approaches in construing the willful and wanton language of section 2—202 with the common law special duty exception and the specific immunities granted police officers in sections 4—102 and 4—107. The trial court added a showing of willful and wanton conduct to the requirements needed to show a special duty. The trial court then dismissed the negligence count based on the lack of the control element needed to show a special duty. Several panels of the appellate court have taken a different approach and found that sections 4—102 and 4—107 provide specific blanket immunity to police officers that prevails over section 2—202. (See, *e.g.*, *Luber v. City of Highland* (1986), 151 Ill. App. 3d 758, 763[, 502 N.E.2d 1243]; *Jamison v. City of Chicago* (1977), 48 Ill. App. 3d 567, 569.) Under this reasoning, police officers receive immunity even from allegations of willful and wanton

conduct. In contrast, some courts have considered willful and wanton conduct to be a statutory exception to the Tort Immunity Act completely separate from the judicially created special duty exception. (See, *e.g.*, *Sank v. Poole* (1992), 231 Ill. App. 3d 780[, 596 N.E.2d 1198]; *Trepachko v. Village of Westhaven* (1989), 184 Ill. App. 3d 241, 249[, 540 N.E.2d 342].) Under this reasoning, a plaintiff can state a cause of action for simple negligence by showing a special duty exists, or can allege willful and wanton conduct alone.

We find this issue to be settled by this court's recent decision in *Leone v. City of Chicago* (1993), 156 Ill. 2d 33[, 619 N.E.2d 119]. The city in *Leone* argued that the special duty exception required a showing of willful and wanton conduct pursuant to section 2—202 of the Tort Immunity Act. This court held that the judicially created special duty exception and the statutory willful and wanton exception were separate and distinct exceptions to municipal and officer immunity. In support, the court noted that '[i]ncorporating a willful and wanton requirement into the special duty doctrine would therefore yield the anomalous result of making recovery more difficult under the doctrine than it already is under the statute. Under these circumstances, the doctrine would cease to operate as an "exception" to sovereign immunity and would instead become an expansion of it.' (*Leone*, 156 Ill. 2d at 39.) Therefore, plaintiffs can escape the statutory immunities granted municipalities and their employees either by proving facts that show the existence of a special duty and proving simple negligence *or by proving willful and wanton conduct alone.*" (Emphasis added.)

Plaintiffs note that *Doe* has been followed by this court in *Fatigato v. Village of Olympia Fields*, 281 Ill. App. 3d 347, 666 N.E.2d 732 (1996), and *Ozik v. Gramins*, 345 Ill. App. 3d 502, 799 N.E.2d 871 (2003).

■ However, our supreme court has made clear that the applicability of *Doe*—and of section 4—102 versus section 2—202—depends upon the nature of the governmental activity. "Section 4—102 immunity may apply in the context where police officers are simply 'providing [or failing to provide] police services,' but section 2—202 immunity requires more particular circumstances for its application, *i.e.*, an act or a course of conduct 'in the execution or enforcement' of law. [Citations.]" *Aikens v. Morris*, 145 Ill. 2d 273, 282, 583 N.E.2d 487, 492 (1991). In *Doe*, it was alleged that the police declined to break down a door after being informed by an apartment resident that a violent intruder had locked himself inside her apartment with her two minor children. *Doe*, 161 Ill. 2d at 381-83, 641 N.E.2d at 501-02. In *Fatigato*, it was alleged that police officers acted in a willful and wanton manner when they told a highly intoxicated man to leave his

home after a domestic dispute and permitted him to drive his car while highly intoxicated. *Fatigato*, 281 Ill. App. 3d at 348-52, 666 N.E.2d at 734-36. In *Ozik*, it was alleged that the police detained and issued traffic citations to a driver when they knew or should have known that the driver was both underage and intoxicated, but allowed him to retake control of the vehicle. *Ozik*, 345 Ill. App. 3d at 504, 799 N.E.2d at 873.

In contrast, in *Long v. Soderquist*, 126 Ill. App. 3d 1059, 1064-65, 467 N.E.2d 1153, 1157 (1984), where a deputy was assisting drivers and vehicles involved in two accidents, this court held that the deputy's failure to light flares near two vehicles, failure to direct the drivers to remove their vehicles from the highway, failure to warn of the presence of the vehicles on the highway, and failure to call for assistance were immunized by section 4—102, even though plaintiffs alleged that those failures constituted willful and wanton conduct. Similarly, in *Kavanaugh v. Midwest Club, Inc.*, 164 Ill. App. 3d 213, 221, 517 N.E.2d 656, 662 (1987), this court concluded that "the phrase 'adequate police protection *or service*' (emphasis added) in section 4—102 includes the police function of responding to a call of a traffic matter involving a motor vehicle that had been driven off the roadway and into a nearby retention pond," as was alleged by the plaintiffs in that case.

In their reply brief, plaintiffs cite *Fitzpatrick v. City of Chicago*, 112 Ill. 2d 211, 221-22, 492 N.E.2d 1292, 1296-97 (1986), in which our supreme court held that a police officer investigating an automobile accident was "enforcing and executing the law" for the purposes of section 2—202 of the Act. In this case, the police officer was not investigating a traffic accident. Also, the *Aikens* court discusses both *Fitzpatrick* and *Long* by distinguishing them, with no indication that *Long* should be considered bad law.

In this case, plaintiffs' allegations describe police action far more similar to that alleged in *Long* and *Kavanaugh* than to that alleged in *Doe* and its progeny. At the time of the injury, Officer Bloss was assisting a motorist, not investigating the scene. The same was true in *Long*, even though the motorists there apparently had been in an accident, as the officer there was seeking to check on a motorist's injury and possibly summon medical assistance. Therefore, we conclude that at the time of the collision, the Village and Officer Bloss were providing police service immunized by section 4—102 of the Act, not executing or enforcing the law within the scope of section 2—202. Accordingly, the trial court did not err in dismissing the count against Officer Bloss and the Village based on willful or wanton conduct.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'BRIEN and NEVILLE, JJ., concur.