SANDRA YVONNE EVANS JAMISON, Adm'r of the Estate of John Jamison, Deceased, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (4th Division)    No. 76-432

Opinion filed April 28, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel R. Pascale and Peter Fitzpatrick, Assistant Corporation Counsel, of counsel), for appellants.

Daniel Nagle, of Chicago (Stanley M. Cahn, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

On January 1, 1972, James O'Malley shot and killed John Jamison. For three days prior to the shooting, O'Malley's son, Daniel, had repeatedly informed Chicago police officers assigned to the 8th District that O'Malley was behaving strangely and had acted violently toward members of his family. Daniel requested that his father be arrested. The police did not attempt to arrest James O'Malley or otherwise restrain him. O'Malley's aberrant behavior ended in the shooting of Jamison, whom he had never seen before.

Plaintiff, as administratrix of the estate of John Jamison, brought suit against the City of Chicago and the individual Chicago police officers for wrongful death. The complaint alleged, *inter alia*, that the individual defendants were guilty of willful and wanton negligence for refusing to arrest O'Malley, despite numerous requests to do so, and after complaints concerning his highly irrational and criminal behavior.

Defendants moved that the complaint be stricken and dismissed on the basis of section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1971, ch. 85, par. 4—102.) The trial court denied the motion and certified the question of the propriety of the denial for appeal pursuant to Supreme Court Rule 308. (Ill. Rev. Stat. 1971, ch. 110A, par. 308.) We granted defendants petition for leave to appeal.

In our opinion, we held that it was unnecessary to address ourselves to the question presented because plaintiff's complaint contained too few facts to constitute a sufficient allegation of willful and wanton negligence. The trial court was therefore reversed for failing to grant defendants' motion to strike and dismiss. *Jamison v. City of Chicago* (1975), 25 Ill. App. 3d 326, 323 N.E.2d 118.

Upon remand to the trial court, plaintiff's complaint was amended to include more specific allegations. The sufficiency of the allegations are not now in issue. Defendants again moved to strike and dismiss the complaint on the basis of the Tort Immunity Act. The trial court denied the motion, but again certified the issue for appeal.

We reverse the order of the trial court.

In our original opinion in this case (*Jamison v. City of Chicago* (1975), 25 Ill. App. 3d 326, 323 N.E.2d 118), Justice Burman wrote a specially concurring opinion setting forth his view that sections 4—102 and 4—107 of the Act (Ill. Rev. Stat. 1971, ch. 85, pars. 4—102, 4—107) preclude relief to an injured party in a situation such as that specified in the complaint. Although the majority of this court felt this issue did not need to be dealt with at that time, the question is now appropriately before this court. We concur with the reasoning of Justice Burman.

Section 4—102 of the Illinois Local Governmental and Governmental

Employees Tort Immunity Act, under "Article IV-Police and Correctional Activities," provides:

> "Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, *failure to prevent the commission of crimes and failure to apprehend criminals.*" (Emphasis added.)

In addition, section 4—107 of that Act, also under article IV, further provides:

> "Neither a local public entity nor a public employee is liable for an injury caused by the *failure to make an arrest* or by releasing a person in custody." (Emphasis added.)

These provisions are unequivocal in stating that defendants enjoy immunity from liability in the present case. Whatever duty the individual defendants were under, as police officers, to effect the arrest of James O'Malley, no recourse is afforded for the breach of that duty.

Plaintiff, however, contends that the scope of these provisions contained in the Tort Immunity Act are limited by article II of the same Act, entitled "General Provisions Relating to Immunity." (Ill. Rev. Stat. 1971, ch. 85, pars. 2—101 *et seq.*) It is argued that section 2—202 is a specific provision which governs over the conflicting general immunity sections of the Act in article IV and imposes liability on defendants for their willful and wanton misconduct.

Section 2—202 of the Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 2—202) states:

> "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence."

Section 2—202 is broader than sections 4—102 and 4—107 in two respects: (1) it pertains to all public employees (2) in the execution or enforcement of *any law.* Sections 4—102 and 4—107 pertain specifically to police and their function in enforcing the criminal law and making arrests. Section 4—107 cannot be plainer in affording immunity for the failure to make an arrest.

We do not find a conflict between sections 2—202, 4—102, and 4—107. While section 2—202 provides immunity for negligence committed under certain circumstances, section 4—107 provides blanket immunity in the area of police discretion over arrests. As Justice Burman noted in his concurring opinion, "[w]hen one considers the great amount of complaints made daily by persons for protective reasons it can easily be understood why the legislature, in its wisdom, would provide immunity to police as contained in sections 4—102 and 4—107 or otherwise

municipalities would be exposed to limitless liabilities." *Jamison v. City of Chicago* (1974), 25 Ill. App. 3d 326, 330, 323 N.E.2d 118, 122.

For the foregoing reasons, the order of the circuit court of Cook County is reversed.

Reversed.

DIERINGER, P. J., and JOHNSON, J., concur.