PAUL W. DOCKERY, Plaintiff-Appellant, v. THE VILLAGE OF STEELEVILLE, Defendant and Third-Party Plaintiff-Appellee (Steeleville American Legion Post No. 480, Defendant and Third-Party Defendant; Illinois Fireworks Company *et al.*, Defendants).

Fifth District   No. 5—89—0617

Opinion filed June 28, 1990.

Brad L. Badgley, of Heiligenstein & Badgley, P.C., of Belleville, for appellant.

William A. Alexander, of Troutt, Alexander, Popit & Warner, of Benton, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Paul W. Dockery, appeals from a summary judgment entered August 8, 1989, by the circuit court of Randolph County in favor of defendant, Village of Steeleville, a municipal corporation, on count II of plaintiff's fourth amended complaint. That count alleges that on July 4, 1987, plaintiff was struck in the face and injured by an aerial bomb while attending a fireworks display at the Steeleville American Legion Post, that the Village of Steeleville, through its police department, had voluntarily assumed the duty to maintain crowd control and traffic management for spectators, but that it had performed these duties negligently. Specifically, the complaint alleges that the Village of Steeleville was negligent in that it:

"a) Allowed spectators, including the plaintiff, Paul W. Dockery, to watch the fireworks display in a position which was in the direct flight path of said fireworks display;

b) Failed to keep the spectators, including the plaintiff Paul

W. Dockery, at a safe and proper distance from the site where the fireworks were being discharged;

c) Failed to maintain proper crowd control and traffic management."

Defendant filed a motion for summary judgment alleging that plaintiff's claim is barred by section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act, which provides immunity to local public entities for failure to provide adequate police protection or service. (Ill. Rev. Stat. 1987, ch. 85, par. 4—102.) The trial court agreed and granted summary judgment in favor of defendant on August 8, 1989.

Section 4—102 of the Tort Immunity Act provides:

"Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. This immunity is not waived by a contract for private security service, but cannot be transferred to any non-public entity or employee." (Ill. Rev. Stat. 1987, ch. 85, par. 4—102.)

The trial court held that crowd control and traffic management at the Steeleville Fourth of July celebration constituted "police functions" and fell within the immunity provided by the above statute. Plaintiff appeals, arguing that section 4—102 is intended to provide immunity only for the police functions of enforcing criminal laws, protecting the general public from the commission of crimes and making arrests, and not for such other functions as traffic management and crowd control. Plaintiff argues that the Village's voluntary assumption of crowd control and traffic management at an event held by a private entity (the American Legion Post) clearly falls outside the municipality's duty to protect the community at large and therefore outside the immunity provided by section 4—102.

While plaintiff cites numerous cases in which the immunity was held to apply to the functions of enforcing criminal laws and making arrests (*Luber v. City of Highland* (1986), 151 Ill. App. 3d 758, 502 N.E.2d 1243; *Laco v. City of Chicago* (1987), 154 Ill. App. 3d 498, 507 N.E.2d 64; *Jamison v. City of Chicago* (1977), 48 Ill. App. 3d 567, 363 N.E.2d 87), none of those cases restricted or limited the immunity to only those functions. Indeed, in *Long v. Soderquist* (1984), 126 Ill. App. 3d 1059, 467 N.E.2d 1153, it was held that a police officer's fail-

ure to light flares near the scene of an automobile accident, failure to direct the drivers of the vehicles involved in the accident to remove those vehicles from the highway, failure to warn other drivers of the presence of the vehicles on the highway and failure to call for assistance, all arguably elements of "traffic control," were functions for which the municipality was immune from liability. The police officer's failings were viewed by the court as the "failure to provide adequate police protection or service" within the meaning of section 4—102.

In *Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d 213, 221, 517 N.E.2d 656, the court concluded that the phrase "adequate police protection or service" includes the police function of responding to a call of a traffic matter involving a motor vehicle that had been driven off the roadway and into a nearby retention pond. The court held that "police service" may include police aid, assistance or rescue because those functions are commonly recognized as an important part of police services.

■■ ■ We think that crowd control and traffic management at a city-wide celebration are included in the phrase "police protection or service" as found in section 4—102 of the Tort Immunity Act because, in many communities, these functions are recognized as important parts of police services. Section 4—102 provides immunity for a local public entity's failure to provide adequate police protection or service. Plaintiff's complaint does not allege that the Village committed some affirmative act such as directing plaintiff to an unsafe area to watch the fireworks display. Instead, the complaint alleges that the Village provided inadequate police protection to its citizens in that it allowed them to watch, or failed to prevent them from watching, the fireworks display from an unsafe area. The Village is immune from liability for failure to provide adequate police protection or service. The trial court properly granted summary judgment in favor of defendant, Village of Steeleville, on count II of plaintiff's fourth amended complaint.

For the foregoing reasons the judgment of the circuit court of Randolph County is affirmed.

Affirmed.

HARRISON and CHAPMAN, JJ., concur.