MARY PLATACIS, Indiv. and as Special Adm'x of the Estate of Ann Marie Platacis, Deceased, Plaintiff-Appellant, v. THE VILLAGE OF STREAM-WOOD *et al.*, Defendants-Appellees (Anthony Scala, Defendant).

First District (3rd Division)   No. 1—90—1878

Opinion filed December 27, 1991.

Randall F. Peters & Associates, of Chicago (James J. Reidy, Randall F. Peters, and Richard L. Wattling, of counsel), for appellant.

Judge & Knight, Ltd., of Park Ridge (Elizabeth A. Knight, Sarah Hansen Sotos, and Colleen H. Considine, of counsel), for appellees.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Mary Platacis, individually and as special administratrix of the estate of Ann Marie Platacis, deceased, appeals from the entry of summary judgment in favor of defendants, Village of Streamwood, Village of Streamwood police officer Henry Kownacki (defendants), and Anthony Scala. Plaintiff argues that her complaint alleged a cause of action for negligence in connection with defendants' search for decedent, who was intoxicated and lost on a winter night.

Plaintiff alleged the following in her amended complaint in count I against the Village and Kownacki. On February 6, 1982, decedent, who was a minor, was escorted to a party by Scala. In the early morning hours of February 7, decedent was a passenger in Scala's automobile. There was an argument among certain passengers including decedent, and Scala stopped the automobile and allowed decedent and two other passengers to leave the automobile. Kownacki, who was on duty as a Village police officer, arrived and instructed Scala to remove the automobile. Kownaki then drove away. Decedent, who was standing outside the automobile without "outerwear" clothing, had consumed alcoholic beverages and had received physical injuries from fighting. Kownacki knew of decedent's physical condition and attire, and she walked away to an open field in Kownacki's presence. Within 45 minutes, decedent was reported missing to the Village. Village police including Kownacki commenced an investigation and a search for decedent. Decedent died on or about February 12, 1982, from hypothermia. Decedent's body was found in an open field near the industrial park area.

Count I further alleged that it was defendants' duty, upon undertaking the assumed duty of searching for decedent, to carry out the duty in a nonnegligent manner and to exercise reasonable care. The Village and Kownacki committed one or more of the following careless and negligent acts or omissions: (1) failed to search and patrol on foot an open field directly west of the industrial complex where decedent was last reported; (2) failed to search the field with canine patrol; (3) failed to search the field with snowmobiles and illumination devices; (4) failed to adequately search the area where decedent was last seen when they knew of the emergency created by decedent's age, clothing, and physical condition, and by the weather; and (5) failed to timely conduct an investigation.

Also relevant here is count IV, which was another wrongful death count against the Village and Kownacki. It alleged that it was the duty of defendants, upon commencing a search for decedent, to carry out the duty it assumed in a nonwilful and nonwanton manner and to exercise reasonable care. The same specific acts and omissions alleged in count I were alleged to have been wilful and wanton acts or omissions.

The following facts from deposition testimony are relevant to the issues on appeal. Christine Joanne De Marco testified at her deposition that Scala drove her home about 12 or 1 a.m. and told De Marco's parents that decedent was missing. Her parents immediately

went out to look for decedent. De Marco was awakened about 3 a.m. by her parents to help in the search.

Scala testified at his deposition that decedent did not have her coat on when she exited the automobile. Scala, after talking to Officer Kownacki, returned to his car and discovered that the decedent, Platacis, had left the area while he was conversing with Officer Kownacki and had not returned. Corpeluski told him that decedent had started to run away and pointed across the street but not towards the open field. Scala searched for her for about 1½ hours, and later De Marco's father and brother helped him to search again. Scala, while searching the area, flagged down Officer Dewberry of the Streamwood police department and told him what had happened. He read in the newspaper that decedent was found behind the field about 300 yards from the industrial area.

Kownacki testified at his deposition that he heard on the police radio about 2:45 a.m. that a girl was missing. He returned about 3 a.m. and searched the whole area on foot and in his patrol car.

Village police officer James Dewberry testified at his deposition that he received notice of the lost girl about 2 a.m. and that the only information was that she had left an automobile in the area of a particular road and parkway. He drove with his "alley" lights illuminating the ditches alongside of the roadway, but he never entered the field. He saw four other Village police officers searching. He searched for about two hours. There were reports that decedent had been seen in a restaurant one mile north. After it was found out that she did not return home, the police returned to the area.

Defendants filed a motion for summary judgment which argued that: (1) a municipality had no tort liability for failing to provide police services or protection; (2) the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, pars. 4—102, 4—107) provided statutory immunity from liability for failing to provide police protection or services; (3) plaintiff's action was barred by the "long-standing 'no liability' rule"; and (4) the exception to the general rule was inapplicable.

Defendants' motion for summary judgment was granted. Plaintiff filed a motion for rehearing which was denied, and the order was made appealable under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) because Scala's motion for summary judgment had been denied.

Plaintiff argues on appeal that the complaint alleged a good cause of action under Restatement (Second) of Torts §323 (1965), which subjects one who undertook services necessary for the protection of another person to liability if one's failure to exercise reasonable care in-

creased the risk of physical harm or if the harm was suffered because of the other's reliance upon the undertaking. Plaintiff also argues that section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1— 101 *et seq.*), which provides immunity for failure to provide adequate police protection or service (Ill. Rev. Stat. 1989, ch. 85, par. 4—102), is inapplicable to her cause of action because section 4—102 is only concerned with harm resulting from criminal activity and because the Act is in derogation of the common law action against local public entities and must therefore be strictly construed against the local public entity (*Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342, 270 N.E.2d 415).

Plaintiff relies upon *Jamison v. City of Chicago* (1977), 48 Ill. App. 3d 567, 569, 363 N.E.2d 87, which held that section 4—102 pertained specifically to the police function of enforcing criminal law and making arrests. But *Jamison* did not hold that the Act exclusively pertained to criminal law, and the statute does not limit itself to the provision of police protection from criminal activity. Section 4—102 has been applied to protect municipal defendants from liability for the failure to prevent injuries not inflicted criminally. See, *e.g., Dockery v. Village of Steeleville* (1990), 200 Ill. App. 3d 926, 929, 558 N.E.2d 449 (village protected from liability under section 4—102 in action alleging injuries from fireworks and the police's negligent crowd control and traffic management during city celebration).

Section 4—102 of the Act provides:

"Neither a local public entity nor a public employee is liable *** for failure to provide adequate police protection or service, failure to prevent the commission of crimes, *** and failure to identify or apprehend criminals." Ill. Rev. Stat. 1987, ch. 85, par. 4—102.

We hold that defendants are immune from liability here by virtue of section 4—102 of the Act (Ill. Rev. Stat. 1989, ch. 85, par. 4—102), which provides for immunity from liability both for ordinary negligence and for wilful and wanton misconduct (see *Nieder v. Gacy* (1984), 121 Ill. App. 3d 854, 856, 460 N.E.2d 342 (sections 4—102 and 4—107 barred action alleging wilful and wanton acts of the police); *Poliny v. Soto* (1988), 178 Ill. App. 3d 203, 206-07, 533 N.E.2d 15 (dismissal of negligence action for leaving plaintiff at an arrest scene was upheld where special duty exception to section 4—102 was not met)). The Village police officers were engaged in the police service of searching for a missing person; this service is covered by section 4— 102. (See *Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d

213, 221, 517 N.E.2d 656 (police response to a call of car driven into retention pond and rescue attempt were covered by the Act).) In some situations police do owe a "special duty" to a person. Defendants argue that the special duty exception to the general rule of no liability for failure to provide police services (*Long v. Soderquist* (1984), 126 Ill. App. 3d 1059, 1065, 467 N.E.2d 1153) does not apply here. The following are the requirements for this exception:

"(1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed, (2) there must be allegations of specific acts or omissions on the part of the municipality, (3) the specific acts or omissions must be either affirmative or wilful in nature, and (4) the injury must occur while plaintiff is under the direct and immediate control of employees or agents of the municipality." *Barth v. Board of Education* (1986), 141 Ill. App. 3d 266, 278, 490 N.E.2d 77.

Plaintiff has not alleged facts satisfying the fourth element of the special duty exception. Decedent could not have been under the control of the police officers when her location was unknown. Summary judgment was therefore proper because the Tort Immunity Act gave immunity to defendants and because the special duty exception to police immunity did not apply.

Defendants also argue that the granting of summary judgment in their favor could be upheld on the basis that their omissions did not proximately cause decedent's death. We do not need to reach this issue.

The judgment of the circuit court is affirmed.

Affirmed.

RIZZI and WHITE,* JJ., concur.

---

*Justice White concurred with this decision prior to his retirement.