Toni McLELLAN, Individually and as Mother and Next Friend of Michael McLellan, a minor, and Jerrica McLellan, a minor; Sandy Hernandez and Kelly Hernandez, Plaintiffs–Appellants,

v.

CITY OF CHICAGO HEIGHTS, municipal corporation, Defendant–Appellee.

No. 95–1152.

United States Court of Appeals, Seventh Circuit.

Argued June 2, 1995.

Decided Aug. 3, 1995.

Roy P. Olson, Friedman & Olson, Chicago, IL, for plaintiffs-appellants.

James W. Ford, Braun, Lynch, Smith & Strobel, Robert Benjamin, Benjamin & Berneman, Nancy J. Arnold (argued), Philip W. Domagalski, Sam L. Miller, David T. Nani, Kralovec, Marquard, Doyle & Gibbons, Chicago, IL, for defendant-appellee.

Before CUMMINGS, KANNE and ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiffs, all citizens of the state of Washington, filed this diversity action against the City of Chicago Heights ("the City") and the Chicago Fireworks Manufacturing Company seeking damages for injuries that occurred during a Fourth of July fireworks display in Chicago Heights, Illinois.

For many years, the City of Chicago Heights has displayed fireworks on a high school field. The fireworks are manufactured by the Chicago Fireworks Manufacturing Company. Spectator seating at this event was set by the Traffic Division of the Police Department, the Fire Chief, City Administrator Doggett and the manager of the fireworks display company. On July 2, 1991, plaintiffs and thousands of other people attended the fireworks display on the grounds of Bloom Township High School. Uniformed firemen placed barricades on the field at a certain distance from the fireworks launching site to prevent injuries to spectators. During the display a shell was fired and rose into the sky but then fell to the ground, exploded, and burned plaintiffs, who were seated within the designated spectator area.

Plaintiffs alleged in their complaint that the fireworks had become wet prior to use and that spectators had been permitted to sit too close to the launching site. After discovery, the City filed a motion for summary judgment on the ground that it was immune

from liability under §§ 4–102 and 5–102 of the Local Governmental and Government Employees Tort Immunity Act.[1] The motion was granted in a memorandum opinion and order (Plaintiffs' App. R. 153) deciding that the City was immune from liability under those provisions as interpreted in *Dockery v. Village of Steeleville,* 200 Ill.App.3d 926, 146 Ill.Dec. 486, 558 N.E.2d 449 (5th Dist.1990). The summary judgment order was made final and appealable under Rule 54(b) of the Federal Rules of Civil Procedure.[2]

Judgment for the City was proper. *Dockery,* a case with almost identical facts, involved a fireworks display in Steeleville, Illinois, which also went awry. The plaintiff, who was struck in the face by an aerial bomb, claimed—as in the present case—that the city negligently failed to keep spectators "a safe and proper distance from the site where the fireworks were being discharged." *Dockery,* 200 Ill.App.3d at 928, 146 Ill.Dec. 486, 558 N.E.2d 449. The Illinois Appellate Court affirmed summary judgment for the city based on Section 4–102 of the Tort Immunity Act, which provides:

> Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service, or if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. This immunity is not waived by a contract for private security service, but cannot be transferred to any non-public entity or employee.

Ill.Rev.Stat.1991, ch. 85, par. 4–102. The court held that because crowd control and traffic management at the Fourth of July celebration constituted "police functions," § 4–102 barred the plaintiffs' claim that the Village of Steeleville provided inadequate po-

lice protection in allowing spectators into an unsafe area to watch the fireworks display.

Plaintiffs attempt in numerous ways to distinguish and thus avoid *Dockery,* but to no avail. Plaintiffs contend that because, at the Chicago Heights display, it was firemen and not policemen who set up and manned the barricades, § 4–102 and *Dockery* are inapplicable. First, the barricades were provided by the Traffic Division of the Police Department which was one of the entities responsible for spectator seating. Second and more importantly, immunity under § 4–102 attaches to "police services," not police departments. By its terms § 4–102 applies to all local public entities and public employees, including City Administrator Doggett. That firemen rather than traffic cops set up and manned the police barricades is irrelevant. They performed the same crowd control function which the *Dockery* court held was encompassed by § 4–102's grant of immunity.

In any event, as the district court noted, the same result would be reached by applying § 5–102, an analogous provision granting the city immunity for failure to suppress or contain fires:

> Neither a local public entity that has undertaken to provide fire protection service nor any of its employees is liable for an injury resulting from the failure to suppress or contain a fire or from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities.

Ill.Rev.Stat.1991, ch. 85, par. 5–102.

Plaintiffs next contend that immunity does not attach because fireworks displays are ultrahazardous activities—an issue, they claim, not addressed by the *Dockery* court. There are a number of problems with this argument. Though the word "ultrahazardous" appears in numerous places in their

---

1. Section 4–102 immunizes municipal police functions and Section 5–102 immunizes municipal fire protection functions from liability.

2. Chicago Fireworks was granted summary judgment as to strict liability (R. 160) but otherwise was denied relief (R. 157). Its present status does not appear in the record.

complaint, plaintiffs' claim against the city is based on negligence, not strict liability. But that is beside the point because §§ 4–102 and 5–102 do not distinguish between theories of tort liability. They bar them all including claims of wanton and willful misconduct. *Platacis v. Village of Streamwood,* 224 Ill. App.3d 336, 166 Ill.Dec. 606, 586 N.E.2d 564 (1st Dist.1991). Plaintiffs argue, based on *Clark v. City of Chicago,* 88 Ill.App.3d 760, 43 Ill.Dec. 892, 410 N.E.2d 1025 (1st Dist. 1980), that despite their all-encompassing language §§ 4–102 and 5–102 do not bar liability based on ultrahazardous activities. Plaintiffs misread *Clark.* In *Clark,* the court found the City of Chicago strictly liable when a piece of a crane being used to demolish a downtown building fell on and severely injured a young boy. In reaching that result, the court did not hold that ultrahazardous liability trumped the Tort Immunity Act. The court instead found that none of the provisions of the Act (specifically pars. 2–109, 2–201, 2–202, 2–206, and 3–108) applied to the accident in question. Finding no immunity under the Act, the court therefore relied on the common law rule that "a municipal entity can be liable for injury resultant from inherently dangerous or ultrahazardous activity whether performed by an employee or independent contractor." *Id.* at 764, 43 Ill. Dec. 892, 410 N.E.2d 1025.

Because the City's actions in the present case do fall under a provision of the Tort Immunity Act, *Clark* is inapposite and we need not decide whether fireworks displays are ultrahazardous. Summary judgment was proper.