715 N.E.2d 669 (1999)
306 Ill. App.3d 912
239 Ill.Dec. 915
Anna HERNANDEZ, Indiv. and as Mother of Ana Montalvo, a Minor, Plaintiffs-Appellants,
v.
Sue KIRKSEY and the City of Chicago, a Municipal Corporation, Defendants-Appellees.
No. 1-98-4759.
Appellate Court of Illinois, First District, First Division.
July 19, 1999.
*671 Benjamin and Shapiro, Ltd., Chicago (Gary B. Katz and Fred I. Benjamin, of counsel), for appellants.
Brian Crowe, Corporation Counsel of the City of Chicago, Chicago (Lawrence Rosenthal, Benna Ruth Solomon and Myriam Zreczny, of counsel), for appellees.
Justice FROSSARD delivered the opinion of the court:
Plaintiffs, Anna Hernandez on behalf of herself and her daughter, Ana Montalvo, brought this three-count personal injury action. Counts II and III of the complaint were directed toward Sue Kirksey and the City of Chicago. Plaintiffs sued another individual, who is not involved in this appeal. Plaintiffs alleged that Ana was injured when a vehicle struck her while she crossed a street manned by defendant, Sue Kirksey, a City of Chicago crossing guard. The trial court granted defendants' motion to dismiss all allegations against them in plaintiffs' second amended complaint. On appeal, plaintiffs contend that the trial court erred in finding that defendants' conduct was immunized under section 4-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/4-102 (West 1996)).
Count II of plaintiffs' second amended complaint alleged that on October 17, 1994, Kirksey willfully and wantonly performed her duties as a City of Chicago crossing guard at the intersection of Kimball and Hirsch. According to count II, Kirksey "instructed" Ana to cross Kimball Street against a green light and in front of oncoming vehicular traffic and, as a result, a vehicle struck the minor plaintiff. Count II further alleged that Kirksey was wearing a Walkman radio at the time of the accident that prevented her from hearing vehicular traffic and other sounds necessary to perform her duties. Count III contained similar allegations but alleged a cause of action against defendants for Kirksey's negligence. In count III, plaintiffs further alleged that Kirksey "negligently did her job as a crossing guard" and "negligently failed to do her job as a crossing guard."
Defendants moved to dismiss counts II and III of plaintiffs' second amended complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 1996)). Defendants argued that plaintiffs sought to impose liability on the City of Chicago and its employee for their "failure to provide adequate police protection." Defendants contended that section 4-102 of the Tort Immunity Act granted them immunity from precisely that type of cause of action. 745 ILCS 10/4-102 (West 1996). Holding that plaintiffs' allegations attacked the "quality and performance level of the crossing guard," the trial court determined that plaintiffs' cause of action fell within the language of section 4-102 and dismissed counts II and III of plaintiffs' second amended complaint. Plaintiffs now appeal.

ANALYSIS
Plaintiffs initially argue that the trial court's interpretation of section 4-102 misapplies the Tort Immunity Act. Section 4-102 of the Act codifies the common law "public duty rule," which immunizes local governments and their employees from liability for any failure to provide adequate police protection or service. Zimmerman v. Village of Skokie, 183 Ill.2d 30, 44, 231 Ill.Dec. 914, 697 N.E.2d 699 (1998). We thus address whether defendants' conduct was immunized under section 4-102 of the Tort Immunity Act.
A section 2-619 motion allows the court to dismiss a pleading on the basis that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 1996). A section 2-619 motion provides "litigants a means to *672 dispose of issues of law and easily proved issues of fact at the outset of a case." Zedella v. Gibson, 165 Ill.2d 181, 185, 209 Ill.Dec. 27, 650 N.E.2d 1000 (1995). All well-pleaded facts and all reasonable inferences from those facts are taken as true. Calloway v. Kinkelaar, 168 Ill.2d 312, 213 Ill.Dec. 675, 659 N.E.2d 1322 (1995). We review the trial court's dismissal of a complaint pursuant to section 2-619 de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993).
Section 4-102 of the Tort Immunity Act provides in pertinent part:
"Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." 745 ILCS 10/4-102 (West 1996).
To determine whether a public official's conduct falls within the provisions of the Tort Immunity Act, the court first examines the legislature's intent. Zimmerman, 183 Ill.2d at 56, 231 Ill.Dec. 914, 697 N.E.2d 699. Like any other exercise of statutory construction, the court's analysis begins with the specific language contained in the Act because the words used provide the best indication of legislative intent. In re Application of the County Collector of DuPage County for Judgment for Delinquent Taxes for the Year 1992, 181 Ill.2d 237, 244, 229 Ill.Dec. 491, 692 N.E.2d 264 (1998). The court cannot "depart from the plain language of the [Tort Immunity] Act by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent." Barnett v. Zion Park District, 171 Ill.2d 378, 389, 216 Ill.Dec. 550, 665 N.E.2d 808 (1996). Section 4-102 provides unqualified immunity to local governments and their employees and only the explicit language of the statute can limit the immunity provided. See In re Chicago Flood Litigation, 176 Ill.2d 179, 195-96, 223 Ill.Dec. 532, 680 N.E.2d 265 (1997). Section 4-102 immunizes both negligent and willful and wanton conduct. Platacis v. Village of Streamwood, 224 Ill.App.3d 336, 340, 166 Ill.Dec. 606, 586 N.E.2d 564 (1991). Further, because of the various sections of the Tort Immunity Act, the Act is construed as a whole, "with each provision of the [Tort Immunity] Act construed in relation to every other section." Zimmerman, 183 Ill.2d at 56, 231 Ill.Dec. 914, 697 N.E.2d 699. Section 4-102 codifies the common law "public duty role," under which a municipality could not be held liable for failure to provide adequate governmental services, such as police and fire protection. See Harinek v. 161 North Clark Street Ltd. Partnership, 181 Ill.2d 335, 345, 230 Ill.Dec. 11, 692 N.E.2d 1177 (1998). This general rule "rests upon public policy considerations that a police department's negligence, oversights, blunders or omissions are not the proximate or legal cause of harms committed by others." Schaffrath v. Village of Buffalo Grove, 160 Ill.App.3d 999, 1003, 112 Ill.Dec. 417, 513 N.E.2d 1026 (1987).
This court has already determined that the immunity of section 4-102 extends not only to the failure to provide police protection but to the nature and adequacy of the police protection service provided. Lawson v. City of Chicago, 278 Ill.App.3d 628, 634-35, 215 Ill.Dec. 237, 662 N.E.2d 1377 (1996). In Lawson, the court held that section 4-102 granted the municipality immunity from liability from its failure to maintain and adequately operate metal detectors at a public high school. Lawson, 278 Ill.App.3d at 635, 215 Ill.Dec. 237, 662 N.E.2d 1377. The municipality installed the metal detectors and was charged with operating them. In accordance with section 4-102 of the Tort Immunity Act, the city was immune from any liability for failure to provide adequate police protection. Lawson, 278 Ill.App.3d at 635, 215 Ill.Dec. 237, 662 N.E.2d 1377.
Similarly, in Dockery v. Village of Steeleville, 200 Ill.App.3d 926, 928-29, 146 Ill.Dec. 486, 558 N.E.2d 449 (1990), the plaintiff sued a municipality for injuries sustained during a village fireworks show. Plaintiff alleged that the village's police department failed to keep spectators at a safe distance from the area where fireworks were discharged. *673 The court concluded that plaintiff's allegations fell within the plain language of section 4-102 because it attacked the adequacy of the police services provided, specifically whether the municipality was negligent in its crowd and traffic control. Dockery, 200 Ill. App.3d at 929, 146 Ill.Dec. 486, 558 N.E.2d 449. Thus, the scope of section 4-102 is not limited to a police department's failure to control crime or to maintain a sufficient number of police officers, but applies to the adequacy of the police services provided.
Courts have interpreted the plain language of section 4-102 to apply to injuries not inflicted criminally. Platacis v. Village of Streamwood, 224 Ill.App.3d at 340, 166 Ill. Dec. 606, 586 N.E.2d 564. In Platacis, this court held that section 4-102 barred a claim that police officers negligently performed a search for a missing person who eventually died of hypothermia. Courts have also interpreted section 4-102 to apply to the conduct of police officers responding to a traffic matter. Kavanaugh v. Midwest Club, Inc., 164 Ill.App.3d 213, 221, 115 Ill.Dec. 245, 517 N.E.2d 656 (1987). In Kavanaugh, the court noted that the plain language of section 4-102 applies to "adequate police protection or service," and extends section 4-102 immunity to conduct beyond crime control and the apprehension of criminals. (Emphasis added.) Kavanaugh, 164 Ill.App.3d at 221, 115 Ill.Dec. 245, 517 N.E.2d 656. The court concluded that section 4-102 immunity applies to the police function of responding to a call of a traffic matter involving a motor vehicle that had been driven into a retention pond. Kavanaugh, 164 Ill.App.3d at 221, 115 Ill.Dec. 245, 517 N.E.2d 656.
Furthermore, this court has determined that section 4-102 applies to crossing guard services. Goebig v. City of Chicago, 188 Ill.App.3d 614, 616, 136 Ill.Dec. 339, 544 N.E.2d 1114 (1989). In Goebig, plaintiff alleged that a municipality's complete failure to provide crossing guard service on a certain date, when guards were routinely posted in the past, proximately caused the fatal car accident involving plaintiff's decedent. The court held that crossing guard service is a "police service" and therefore section 4-102 is applicable.
Plaintiffs do not dispute the fact that providing crossing guards constitute a "police service" within the meaning of section 4-102. However, plaintiffs attempt to distinguish Goebig because that case "concerned the absence of a crossing guard, not the negligence of a crossing guard." Goebig, 188 Ill.App.3d at 614, 136 Ill.Dec. 339, 544 N.E.2d 1114. While plaintiffs correctly point out that Goebig involved the complete absence of crossing guard services on a street corner as opposed to plaintiffs' allegations of the negligent or willful and wanton conduct of a specific crossing guard, we find this distinction does not negate application of section 4-102 immunity. The language of section 4-102 applies equally to the failure to provide police protection or service and to the failure to provide adequate police protection or service.
Plaintiffs' second amended complaint attempts to state a cause of action for a municipality and its employee's failure to provide "adequate" crossing guard protection. Even a most favorable reading of counts II and III of plaintiffs' second amended complaint reveals that plaintiffs seek to impose liability on defendants for Kirksey's failure to perform her job adequately. Plaintiffs allege that Kirksey directed Ana to cross the street at a dangerous and improper time and that Kirksey wore a Walkman radio while instructing Ana to cross the street. Count III specifically alleges that Kirksey "negligently did her job as a crossing guard."
The plain language of section 4-102 states that a municipality and its employees cannot be liable for their "failure to provide adequate police protection or service" and we find this language controlling. (Emphasis added.) 745 ILCS 10/4-102 (West 1996). Therefore, plaintiffs' allegations directed at Kirksey and her employer, the City of Chicago, fall within the police protection services that were part of the common law "public duty" rule and that are now codified in section 4-102. 745 ILCS 10/4-102 (West 1996). As noted above, Illinois courts have applied the language of section 4-102 to immunize claims of failure to provide adequate police protection or service. We thus conclude, based on the language of the statute and case law that section 4-102 of the Tort Immunity *674 Act immunizes the City of Chicago and its employee Kirksey from liability for failure to provide adequate police protection or service. Therefore, the trial court properly dismissed counts II and III of plaintiffs' second amended complaint.
Plaintiffs contend that if section 4-102 were as "all-encompassing" as the circuit court's order suggests, it would render other sections of the Tort Immunity Act which immunize police conduct, such as section 2-202, superfluous. Section 2-202 provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 1996). Plaintiffs, however, have taken the position that section 2-202 does not apply here because Kirksey was not executing or enforcing any law at the time of the accident. In light of the position taken by the plaintiffs, we need not address the relationship between sections 2-202 and 4-102 of the Tort Immunity Act.
Finally, plaintiffs contend that if section 4-102 applies to the conduct of Kirksey as alleged in plaintiffs' complaint, section 4-102 is "unconstitutionally vague." Plaintiffs, however, cite no authority for this proposition and make no substantive argument in support of their position. We thus conclude that they have waived review of their constitutional claim. 155 Ill.2d R. 341(e)(7); Wolowinski v. City of Chicago, 238 Ill.App.3d 639, 642, 179 Ill.Dec. 441, 606 N.E.2d 273 (1992) ("reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented.")
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
SHEILA M. O'BRIEN, P.J., and GALLAGHER, J., concur.