No. 3--09--1008

_____

Filed October 29, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| MARIE POUK, Individually and | ) | Appeal from the Circuit Court |
| as Special Administratrix for | ) | of the 12th Judicial Circuit |
| the Estate of Christine Jane | ) | Will County, Illinois |
| Jungkans, Deceased, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08--L--444 |
| THE VILLAGE OF ROMEOVILLE, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (Gregory D. Gotches and Sybert | ) | |
| Landscaping, Inc., | ) | Honorable |
| | ) | Michael J. Powers |
| Defendants). | ) | Judge, Presiding |

_____

JUSTICE LYTTON delivered the opinion of the court:
_____

Plaintiff, Marie Pouk, filed a complaint against the Village

of Romeoville, alleging willful and wanton conduct.  The Village

filed a motion to dismiss, arguing that it was immune from

liability pursuant to the Local Governmental and Governmental

Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 et seq.

(West 2006)).  The trial court granted the motion.  We affirm.

On May 9, 2008, plaintiff's daughter, Christine Jungkans,

was driving north on Hale Avenue in the Village. After stopping at a stop sign at the intersection of Hale Avenue and 135th Street, Jungkans proceeded to make a left turn onto 135th Street. At the same time, Tomasz Maciaszek was driving east on 135th Street, approaching its intersection with Hale Avenue. As Jungkans turned onto 135th Street, Maciaszek's vehicle hit Jungkans' vehicle and killed her.

In July 2009, plaintiff filed a three-count complaint against the Village, Gregory D. Gotches and Sybert Landscaping, Inc. The counts against Gotches and Sybert Landscaping alleged negligence. The count against the Village alleged willful and wanton conduct. The claim against the Village is the only one relevant to this appeal. The following facts are taken from plaintiff's complaint.

Gregory Gotches owns property at the southwest corner of the intersection of Hale Avenue and 135th Street in the Village. There are bushes located on the northeast portion of Gotches' property. In the fall of 2007, the Village was notified by a resident that the bushes on Gotches' property obstructed the view of drivers turning left from Hale Avenue onto 135th Street. On November 24, 2007, a Village representative inspected Gotches' property and determined that the bushes violated a village ordinance governing intersection visibility. The Village served

2

a notice of code violation on Gotches on November 24, 2007. The notice required Gotches to take action before December 1, 2007.

After receiving the notice, Gotches' wife contacted the Village and asked what she needed to do to correct the problem. An employee from the Village code enforcement division gave her the name of several landscaping companies, including Sybert Landscaping. Mrs. Gotches contacted Sybert Landscaping, and Sybert agreed to trim the bushes. Sybert trimmed the bushes and told the Gotches that they no longer obstructed motorists' vision. After the trimming was complete, the Village sent Gotches another letter indicating that the violation had not been abated. Thereafter, Mrs. Gotches informed Village code enforcement officer Cliff McChesney that Sybert had already trimmed the bushes. McChesney told Mrs. Gotches that he thought that the bushes could be trimmed further. However, he said he would ask his supervisor and let Mrs. Gotches know if further action was necessary. Neither McChesney nor anyone else from the Village ever contacted Gotches or his wife after that.

Plaintiff's complaint alleges that the bushes on Gotches' property violated two sections of the Village's code of ordinances that prohibit bushes from being located near intersections so as to obstruct motorists' views. See Village of Romeoville, Illinois Code of Ordinances app. A, §§ 159.014(G),

3

159.030(D)(4)(q) (adopted February 7, 2007, and February 1, 2006, respectively). The complaint further alleges that the Village committed willful and wanton conduct by (1) failing to advise Gotches whether more trimming was necessary when McChesney promised to do so, (2) failing to institute court proceedings against Gotches to compel enforcement with its ordinance, (3) failing to notify Gotches that a volunteer service could remedy the obstruction, (4) recommending that the problem be fixed by Sybert Landscaping, and (5) failing to advise Gotches that more trimming was necessary.

The Village filed a motion to dismiss pursuant to (1) section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2006)) for failure to state a claim and (2) section 2-619 of the Code (735 ILCS 5/2-619 (West 2006)), asserting that it was immune from liability under sections 2-103, 2-105 and 2-106 of the Act (745 ILCS 10/2-103, 2-105, 2-106 (West 2006)). The trial court granted the motion and dismissed the complaint with prejudice pursuant to section 2-619 of the Code.

ANALYSIS

Plaintiff argues that section 2-202 of the Act, rather than sections 2-103, 2-105 and 2-106, applies to the allegations of her complaint. Section 2-202 of the Act, unlike sections 2-103, 2-105, and 2-106, does not immunize willful and wanton conduct.

4

Because her complaint alleges willful and wanton conduct, she contends that the trial court erred in dismissing her action against the Village.

In 1965, the legislature enacted the Local Governmental and Governmental Employees Tort Immunity Act to protect local public entities and public employees from liability resulting from the operation of government. Anthony v. City of Chicago, 382 Ill. App. 3d 983, 987, 888 N.E.2d 721, 725 (2008). The purpose of the Act is to ensure that public funds are not dissipated by private damage awards. Anthony, 382 Ill. App. 3d at 987, 888 N.E.2d at 725.

When interpreting an immunity provision, a court must ascertain and give effect to the legislature's intent by relying on the language used in the Act, construing each word in its context and ensuring that no term is rendered superfluous or meaningless. Ware v. City of Chicago, 375 Ill. App. 3d 574, 581, 873 N.E.2d 944, 951 (2007). The legislature has the exclusive authority to extend the existing immunities; therefore, where the language of the immunity is clear and unambiguous, we may not read into it exceptions, limitations or conditions not expressly described by the plain language of the immunity. Ware, 375 Ill. App. 3d at 581-82, 873 N.E.2d at 951.

Section 2-103 of the Act provides that "[a] local public

5

entity is not liable for an injury caused by *** failing to enforce any law." 745 ILCS 10/2-103 (West 2006). Section 2-105 immunizes a local public entity for injuries caused by its failure to make an inspection or making an inadequate inspection of property. 745 ILCS 10/2-105 (West 2006). Section 2-106 grants immunity to local public entities for negligent and intentional oral promises or misrepresentations. 745 ILCS 10/2-106 (West 2006). Those sections do not contain an exception for willful and wanton conduct. Bowler v. City of Chicago, 376 Ill. App. 3d 208, 214, 876 N.E.2d 140, 145 (2007); 745 ILCS 10/2-106 (West 2006).

Section 2-202 immunizes public employees for an act or omission "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 2006). Section 2-202 applies when a public employee performs some negligent act while engaged in a course of conduct designed to carry out or put into effect a law. Fitzpatrick v. City of Chicago, 112 Ill. 2d 211, 221, 492 N.E.2d 1292, 1296 (1986). The required elements that a plaintiff must establish for the application of section 2-202 are: (1) the municipality was aware of the particular danger or risk to which the plaintiff is exposed; (2) specific acts or omissions by a municipal employee occurred; (3) the specific acts were willful

6

in nature; and (4) the injury occurred while the plaintiff was under the direct and immediate control of municipal employees. Ware, 375 Ill. App. 3d at 584, 873 N.E.2d at 953.

Ordinarily, the determination of whether a public employee is enforcing a law is a question of fact that must be determined by the trier of fact in light of the circumstances in each case. Lacey v. Village of Palatine, 232 Ill. 2d 349, 367, 904 N.E.2d 18, 28 (2009). However, a court may, as a matter of law, determine whether a public employee is enforcing a law when the facts alleged support only one conclusion. Lacey, 232 Ill. 2d at 367, 904 N.E.2d at 28.

Several courts have considered whether section 2-202, rather than sections 2-103 and 2-105, apply to public employees' conduct. See Anthony, 382 Ill. App. 3d 983, 888 N.E.2d 721; Ware, 375 Ill. App. 3d 574, 873 N.E.2d 944; Bowler, 376 Ill. App. 3d 208, 876 N.E.2d 140. Those cases make clear that in order to fall within the ambit of section 2-202, a complaint must allege that the plaintiff's injury occurred while public employees were in the course of putting into effect a law. See Anthony, 382 Ill. App. 3d at 993, 888 N.E.2d at 730; Ware, 375 Ill. App. 3d at 583-84, 873 N.E.2d at 952-53; Bowler, 376 Ill. App. 3d at 216-17, 876 N.E.2d at 146-47.

When a complaint alleges that public employees were doing

7

nothing at the time of an injury, sections 2-103 and 2-105, rather than section 2-202, apply. Bowler, 376 Ill. App. 3d at 216-17, 876 N.E.2d at 146-47. Furthermore, where a plaintiff alleges that a public employee took some action to enforce a law but then stopped and an injury occurred thereafter, section 2-202 is inapplicable. Anthony, 382 Ill. App. 3d at 993, 888 N.E.2d at 730.

Here, plaintiff's complaint alleges that the Village, through its employees, failed to instruct Gotches to trim his bushes further and failed to enforce its intersection visibility ordinance. Such allegations suggest that the Village failed to act and fall squarely within sections 2-103 and 2-105. See Bowler, 376 Ill. App. 3d at 216-17, 876 N.E.2d at 146-47. While the complaint alleges that Village employees undertook enforcement of the Village ordinance in November and December of 2007, Village employees were doing nothing to enforce the ordinance five months later when Jungkans' death occurred. Because Village employees were not in the course of putting into effect any law at the time of plaintiff's injury, section 2-202 does not apply. See Anthony, 382 Ill. App. 3d at 993, 888 N.E.2d at 730; Ware, 375 Ill. App. 3d at 583-84, 873 N.E.2d at 952-53; Bowler, 376 Ill. App. 3d at 216-17, 876 N.E.2d at 146-47.

The trial court properly found that sections 2-103 and 2-105

8

of the Act apply based on the allegations contained in plaintiff's complaint. Those sections do not contain an exception for willful and wanton conduct. See Bowler, 376 Ill. App. 3d at 214, 876 N.E.2d at 145. Thus, the trial court properly dismissed plaintiff's action against the Village.

## CONCLUSION

The order of the circuit court of Will County is affirmed.

Affirmed.

CARTER and SCHMIDT, JJ., concur.

9