2026 IL App (1st) 251155-U

No. 1-25-1155

Order filed January 21, 2026

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| EVA BAILEY, through her mother Arturia Edwards, and ARTURIA EDWARDS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 25 L 2387 |
| THE CITY OF CHICAGO, | ) ) | Honorable Michael F. Otto, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err when it denied leave to file an amended complaint.

¶ 2    At issue is whether the trial court abused its discretion in denying leave to amend a complaint to add claims for negligent infliction of emotional distress allegedly caused by the City of Chicago's (City) failure to assist a mother in locating her missing daughter. The trial court determined it would be futile to allow such an amendment as the claims would be barred by section 4-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort

Immunity Act) (745 ILCS 10/4-102 (West 2024)), which provides immunity to local public entities "for failure to provide adequate police protection or service." For the reasons that follow, we find the trial court did not abuse its discretion and therefore affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4     On December 11, 2023, nine-year-old Eva Bailey was reported missing by her mother Arturia Edwards. Edwards was to pick Eva up at the end of the school day at a designated meeting place. After waiting approximately fifteen minutes for Eva to arrive, Edwards went to the daycare center that was responsible for Eva's after-school transportation. There, a staff member was unable to provide Edwards with any information concerning Eva's whereabouts.

¶ 5     At approximately 4:10 p.m., Edwards dialed 911 and reported that her daughter was missing. She requested that Chicago police issue an Amber Alert. The police dispatcher instructed Edwards to remain at the daycare to await the arrival of police to assist her. After waiting ten minutes, Edwards called 911 again and inquired why the police had not yet arrived.

¶ 6     No Chicago police met with Edwards at the daycare and no Amber Alert was issued. Fortunately, police officers from the Oak Lawn Police Department found Eva after a concerned resident reported a child knocking on their door and asking to use the phone to call her mother. Mother and daughter were reunited approximately two hours after Eva was first reported missing.

¶ 7     On February 19, 2025, Edwards filed a complaint in the circuit court of Cook County against the City.[2] Edwards alleged that the City's failure to assist in locating Eva and not issuing an Amber Alert constituted a breach of the duty of care owed to citizens of Chicago. She alleged

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

[2] The Chicago Police Department and the Office of Emergency Management Services were dismissed as defendants on the ground that they were "not suitable separate entities from the City of Chicago."

that this breach proximately caused Eva to suffer emotional distress and mental anguish; and proximately caused Edwards to suffer emotional distress and undue hardship.

¶ 8    On April 14, 2025, the City filed a combined motion to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2024)). This section of the Code allows a movant to combine motions to dismiss under sections 2-615 (735 ILCS 5/2-615 (West 2024)) and 2-619 (735 ILCS 5/2-619 (West 2024)).

¶ 9    The City argued that dismissal was appropriate under section 2-615 on the ground that the allegations in the complaint were conclusory and failed to state a cause action on which relief could be granted. The City pointed out that "emotional distress," in and of itself, is not a cause of action. According to the City, Edwards appeared to be seeking relief under a theory of negligent infliction of emotional distress but failed to plead sufficient facts to state such a cause of action. The City also argued that Edwards failed to allege sufficient facts that would have supported the issuance of an Amber Alert.

¶ 10    The City sought dismissal pursuant to section 2-619(a)(9) on the basis that the claims in the complaint arose out of allegations of inadequate police services for which the City was immune from liability under section 4-102 of the Tort Immunity Act. In addition, the City pointed out that the incident occurred on December 11, 2023, and that Edwards filed her complaint on February 19, 2025. The City argued that the complaint should be dismissed under section 2-619(a)(5) on the ground that the claims were time barred by the one-year statute of limitations found in section 8-101(a) of the Tort Immunity Act (745 ILCS 10/8-101(a) (West 2024)).

¶ 11    In response, Edwards asserted that her claims were not barred, as she was not suing the City "to provide police protection," but rather "for breach of their own stated duty which is to serve and protect the citizens of Chicago." Edwards further contended that her claims were not

time barred, as she was not only pursuing damages "stemming from negligent infliction of emotional distress," but also for "loss of quality of life and undue hardship." Edwards sought leave to amend her complaint to add claims for negligent infliction of emotional distress and to set "forth the factual support regarding this cause of action." The City countered that granting Edwards leave to amend her complaint to add these claims would be futile as the claims would be barred by section 4-102 of the Tort Immunity Act.

¶ 12 On May 21, 2025, the trial court entered an order granting the City's motion to dismiss Edwards' complaint with prejudice. The court dismissed the complaint pursuant to section 2-619(a)(9), on the grounds that the claims in the complaint were barred by section 4-102 of the Tort Immunity Act. The court also determined that the claims were time barred by the one-year statute of limitations found in section 8-101(a) of the Tort Immunity Act. The court denied Edwards leave to amend her complaint to add claims for negligent infliction of emotional distress, finding that granting such an amendment would be futile, as the claims would be barred by section 4-102 of the Tort Immunity Act. This timely appeal by Edwards followed.

¶ 13                                    II. ANALYSIS

¶ 14 On appeal, Edwards argues that the trial court erred in denying her leave to amend her complaint to add claims for negligent infliction of emotional distress. The trial court dismissed the complaint pursuant to section 2-619(a)(9) of the Code and denied leave to amend, finding that granting such an amendment would be futile.

¶ 15 Section 2-619(a)(9) provides for dismissal of a pleading if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619 (West 2024). "Thus, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim." *Brock*

*v. Anderson Road Ass'n*, 287 Ill. App. 3d 16, 21 (1997). "The immunity granted by the Tort Immunity Act is an affirmative matter properly raised in a section 2-619(a)(9) motion to dismiss." *Salvi v. Village of Lake Zurich*, 2016 IL App (2d) 150249, ¶ 25.

¶ 16    "Illinois has a liberal policy regarding amendments to pleadings." *Rosenbaum v. Samler*, 2025 IL App (1st) 240039, ¶ 76. However, "[t]he right to amend a pleading is not absolute but rather is a matter within the trial court's discretion." *Hiatt v. Illinois Tool Works*, 2018 IL App (2d) 170554, ¶ 36. "Accordingly, we will not reverse the trial court's decision absent an abuse of that discretion." *Id*. A trial court abuses its discretion only when its "decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 17    In reviewing a trial court's decision to deny amendment to a pleading, we generally consider the four factors adopted by our supreme court in *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). These factors are: (1) whether the proposed amendment would cure any defects in the pleading, (2) whether the opposing party would be prejudiced or unfairly surprised by the amendment, (3) whether the amendment is timely, and (4) whether the party seeking to amend had previous opportunities to do so. *Id*.

¶ 18    However, if it would be futile to grant a party leave to amend, we need not consider the *Loyola Academy* factors. Under such circumstances, "we may begin and end our analysis with the observation that it is never an abuse of discretion to deny leave to amend when the proposed amendment would be futile." *Malacina v. Cook County Sheriff's Merit Board*, 2021 IL App (1st) 191893, ¶ 40. "Where it is apparent even after amendment that no cause of action can be stated, leave to amend should be denied." *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 7 (2004).

5

¶ 19     In this case, the trial court determined that the immunity provided by section 4-102 was an affirmative matter that rendered it futile to grant Edwards leave to amend her complaint. This section of the Tort Immunity Act provides in relevant part:

> "Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service." 745 ILCS 10/4-102 (West 2024).

¶ 20     Section 4-102 "immunizes local public entities and their employees for both negligent and willful and wanton conduct in failing to protect or in providing inadequate police protection services." *Andrade v. City of Kankakee*, 2023 IL App (3d) 230035, ¶ 16. Our court has held that section 4-102 is implicated where the City of Chicago failed to dispatch police in response to a 911 call. *Carolan v. City of Chicago*, 2018 IL App (1st) 170205, ¶ 17. Moreover, closer to the facts of this case, our court has determined that "searching for a missing person" is a "police service" "covered by section 4-102." *Platacis v. Village of Streamwood*, 224 Ill. App. 3d 336, 340-41 (1991). All of this leads us to conclude that it would have been futile for the trial court to grant Edwards leave to amend her complaint based on the City's failure to assist in locating Eva and not issuing an Amber Alert – since the causes of action would have been barred by section 4-102.

¶ 21     Edwards argues for the first time on appeal that the trial court should have allowed her to amend her complaint to add claims for intentional infliction of emotional distress and present arguments regarding the application of section 2-202 of the Tort Immunity Act (745 ILCS 10/2-202 (West 2024)). This section of the Tort Immunity Act provides an exception for willful and wanton conduct. See *Pouk v. Village of Romeoville*, 405 Ill. App. 3d 194, 196 (2010).

¶ 22     Edwards, however, failed to tender a proposed amended complaint asserting these new

causes of action and arguments to the trial court and there is no proposed amended complaint in the record. "A party's failure to tender a proposed amended complaint with supporting facts to the trial court significantly diminishes this court's ability to determine whether the proposed amendment would have stated a viable cause of action." *Firebirds International LLC v. Zurich American Insurance Co.*, 2022 IL App (1st) 210558, ¶ 43. As a result, Edwards has forfeited her right to have this court review the trial court's denial of her request for leave to amend to add claims for intentional infliction of emotional distress and present arguments regarding the application of section 2-202.

¶ 23 Moreover, even absent forfeiture, we cannot say that the trial court abused its discretion in denying Edwards leave to amend the complaint to add arguments regarding the possible application of section 2-202. Our court has determined that even in instances where section 2-202 is potentially applicable, it will not prevail over the more specific and comprehensive immunity provided by section 4-102. *Ries v. City of Chicago*, 242 Ill. 2d 205, 220-27 (2011).

¶ 24                                         III. CONCLUSION

¶ 25 Accordingly, for the foregoing reasons, we find that the trial court did not err by denying Edwards leave to amend her complaint.

¶ 26 Affirmed.